OPINION
Defendant-appellant, Seth Hertlein, appeals an adjudication of the Warren County Court of Common Pleas, Juvenile Division, finding him delinquent for committing acts that constituted the crime of aggravated vehicular assault.
On May 17, 1999, appellant was the driver of a vehicle involved in an accident that seriously injured two passengers. Appellant and his four passengers were on their way to Caesar's Creek to participate in a school-sponsored community service project. Appellant went into a curve on Route 350, lost control of the vehicle, and the vehicle hit a tree.
On August 2, 1999, a complaint was filed in the Warren County Court of Common Pleas, Juvenile Division, charging appellant with two counts of delinquency by reason of aggravated vehicular assault, in violation of R.C. 2151.02 and R.C. 2903.08(A). Appellant was also issued a traffic citation charging him with a violation of R.C. 4511.202 for failure to control the vehicle. An adjudicatory hearing was held on December 3 and 17, 1999. The parties stipulated that two of the passengers suffered serious physical harm. On February 28, 2000, the trial court issued an adjudication finding appellant delinquent as charged. The trial court entered its disposition in the matter on September 11, 2000.
Appellant appeals the trial court's adjudication of him as delinquent and raises the following single assignment of error:
 THE TRIAL COURT ERRED IN ADJUDICATING APPELLANT DELINQUENT BY REASON OF AGGRAVATED VEHICULAR ASSAULT.
 A person commits aggravated vehicular assault when he recklessly causes serious physical harm to another while operating a motor vehicle. R.C. 2903.08(A). Appellant contends that his actions did not amount to recklessness because he did not have full knowledge of the road conditions and because he slowed the vehicle down as he entered into the curve. He also argues that speeding alone does not establish recklessness.
The definition of recklessness provided in R.C. 2901.22(C) states that:
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
 A person is said to be reckless under this section when he disregards a known and significant possibility that his conduct is likely to cause a certain result or be of a certain nature, or that certain circumstances are likely to exist. State v. Caudill
(1983), 11 Ohio App.3d 252, 256. Something is "likely" when there is good reason for the expectation or belief. Id.
Angela Utz, a passenger in the back seat of the vehicle, testified at the hearing that appellant was "driving horrible" and taking curves way too fast. She stated that appellant was told to slow down when he turned on Route 350 because the roads ahead were curvy. She testified that she was grabbing onto the back of the seat in an attempt to hang on and everyone was telling appellant to slow down.
Naomi Rippey, another back seat passenger, testified that appellant was not driving safely at all. According to Rippey, appellant was speeding around curves on purpose in order to make the tires peel out and leave skid marks and to make the car fishtail. She stated that the tires were squealing around the curves and she and the other girls in the back decided to put their seat belts on. She also testified that the front seat passenger, Wes Ferris, was encouraging appellant to drive fast and that they were joking and laughing about appellant's driving. According to Rippey, before entering the curve where the accident occurred, Ferris made remarks to appellant indicating that the upcoming curve was a "sweet one" and that "you have to peel out."
Ferris testified that he did not encourage appellant to speed into the curves. He stated that the girls in the back seat were yelling at appellant to slow down and that he told appellant that he should slow down on the curves ahead. Steven Hasley, a driver travelling in the opposite direction who witnessed the accident, testified that he saw appellant's car fishtail and swerve into his lane and saw the vehicle hit a tree. He indicated that appellant was travelling at a speed greater than was reasonable for the area.
Trooper Robert Walk investigated the accident and testified that although the speed limit on Route 350 is fifty-five m.p.h., there is a yellow warning sign with black lettering approximately one to two-tenths of a mile before the curve where the accident occurred. The sign shows a series of curves and suggests a speed of twenty m.p.h. Trooper Walk testified a technical crash investigator performed calculations based on the skid marks and determined that appellant's speed in the curve where tire marks were indicated a minimum speed of thirty-nine to forty-four m.p.h. at that point in the curve.
Based on the testimony at the hearing, we find that the evidence establishes that appellant acted recklessly. The evidence shows that appellant was deliberately travelling at a high rate of speed, attempting to make the car fishtail and the tires squeal and that he was laughing and joking while doing so. He was repeatedly told to slow down by the passengers in the back seat, who were afraid that there would be an accident. He was specifically warned about the curves in the road on Route 350, and yet continued to drive at a higher rate of speed than the passengers felt was safe.
Appellant argues that to constitute recklessness, one must have full knowledge of the existing circumstances. See State v. Whitaker (1996),111 Ohio App.3d 608, 613. He contends that he had never traveled the road before and therefore did not have "full knowledge" of the danger posed by the curve in which the accident occurred. However, appellant had full knowledge of the danger of driving at high speeds into unknown curves in the road, and this appreciation of the danger is all that is required to establish recklessness, not complete information regarding all the exact circumstances of the danger.
Appellant also argues that he did attempt to slow down as he entered the curve, but that he just didn't reduce his speed enough, and that this negates the recklessness element. We disagree. Although there is some evidence to suggest that appellant reduced his speed a little as he entered the curve, he was still travelling at a higher rate of speed than his passengers and an independent witness felt was reasonable under the circumstances and greater than what the warning sign suggested. He was also repeatedly told to slow down. In addition, there is evidence that appellant was deliberately taking curves at higher than reasonable rates of speed in an attempt to fishtail the car and squeal the tires, and that his negotiation of the curve where the accident occurred was another one of his attempts to do so.
Finally, we note appellant is correct in stating that we have previously held that speeding alone does not establish recklessness. Inre Gilbert (Sept. 28, 1987), Butler App. No. CA86-10-144, unreported. However, speed can be combined with other circumstances to establish criminal recklessness. State v. Grathwohl (Nov. 18, 1991), Butler App. No. CA91-04-058, unreported (recklessness found where defendant lost control of his vehicle while driving at high rate of speed, swerving across lanes, and disregarding passenger's pleas to slow down); see, also, State v. Gayheart (Sept. 8, 1997), Warren App. No. CA97-01-001, unreported (recklessness established where defendant was driving at high rates of speed into curves and onto the wrong side of the road).
This case involves evidence of conduct in addition to driving at high rates of speed to establish appellant's recklessness. Appellant was driving on a curvy, unfamiliar road and had been repeatedly warned to slow down. He was deliberately driving at high rates of speed into the curves to try and make the car fishtail and the tires squeal. This conduct amounted to recklessness. Appellant's assignment of error is overruled.
WALSH and POWELL, JJ., concur.